UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN SELLERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-291 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Brian Sellers (Sellers) filed this action against the Honorable David Stith, Judge of the 319th Judicial District Court, Nueces County, Texas (Judge Stith), the Nueces County Community Supervision & Corrections Department (CSCD), and the Nueces County District Attorney's Office (DA). Sellers, who is under indictment on felony charges, complains of the alleged violation of his civil rights in connection with the imposition of pre-trial conditions of release from jail. Defendants have filed motions to dismiss (D.E. 11, 12, 21) on the basis that, under the *Rooker-Feldman* doctrine or *Younger* abstention doctrine, this Court is without jurisdiction to adjudicate the claims. CSCD and the DA also claim that Eleventh Amendment sovereign immunity requires dismissal. Last, the DA claims that it is not a proper party.

This action was called for an initial pre-trial conference on December 8, 2017, with each party appearing by counsel. Plaintiff had filed his responses to the motions filed by Judge Stith and CSCD. D.E. 17, 18. And those Defendants had filed replies. D.E. 19, 20. The DA's motion, filed on December 7, 2017, was not yet ripe for

submission. Local Rule 7. Plaintiff asked that his other responses be applied to the DA's motion and waived the right to file an independent response to that motion. The Court granted that request such that Plaintiff is not considered to have defaulted on the DA's motion. For the reasons set out below, the Court GRANTS the motions on their merits and DISMISSES this action.

Federal Rule of Civil Procedure 12(b)(1) requires dismissal for lack of subject matter jurisdiction if the Court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Even in the absence of a jurisdictional challenge, the Court must question its jurisdiction sua sponte. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The burden of proof is on the party asserting jurisdiction—Sellers, here. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2002).

According to the *Rooker-Feldman* doctrine, the federal district courts do not have jurisdiction to review state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See also*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The Fifth Circuit has often described the judgments to which *Rooker-Feldman* applies as orders subject to res judicata or collateral estoppel defenses, and not to interlocutory orders. *E.g.*, *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 387 (5th Cir. 2017). *See generally*, Buehler, *Revisiting Rooker-Feldman: Extending The Doctrine To State Court Interlocutory Orders*, 36 Fla. St. U. L. Rev. 373 (Spring 2009). However, the Fifth

Circuit has also stated that the type of state court judgment to which the doctrine applies is an order that is final for appeal purposes and entitled to full faith and credit. *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

Under Texas law, any order setting Sellers' pre-trial conditions of release from jail is such an order and may be challenged by writ of habeas corpus without the necessity of additional motion practice. *See generally*, Tex. Crim. Proc. Code § 11.16; *Ex Parte Victorick*, 453 S.W.3d 5, 11 (Tex. App.—Beaumont 2014, pet. ref'd). *See also*, *Coronado v. United States Bd. of Parole*, 540 F.2d 216, 217 (5th Cir. 1976) (challenges to conditions of release should be adjudicated as habeas corpus matters). Thus *Rooker-Feldman* applies and this Court lacks jurisdiction to the extent that Sellers is subject to any final order.

Sellers complains that the conditions of release are being imposed by CSCD without a court order. Even if the conditions of release are not deemed a judgment entitled to full faith and credit, Sellers' action is still subject to dismissal. He seeks to enjoin proceedings associated with an ongoing state court criminal prosecution. Such relief is precluded by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). *See also*, 28 U.S.C.§ 2283 (anti-injunction statute). In the interest of comity, a federal court cannot enjoin a pending criminal trial in state court or enter declaratory relief contrary to the state court proceedings, absent exceedingly rare and extraordinary circumstances. *Ballard v. Wilson*, 856 F.2d 1568, 1569–70 (5th Cir. 1988). No such circumstances have been demonstrated here. Instead, Sellers must prosecute his rights through motions or writs available through the state court system. *See generally*, Tex. R.

App. P. 52 (providing for original appellate proceedings seeking extraordinary relief, such as a writ of habeas corpus, mandamus, prohibition, injunction, or quo warranto).

For these reasons, the Court GRANTS the motions to dismiss (D.E. 11, 12, 21), and DISMISSES this action in its entirety for lack of subject matter jurisdiction. The Court need not, and does not, reach Defendants' alternative arguments of sovereign immunity or improper joinder.

ORDERED this 20th day of December, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE